MARTHA E. ROMERO, State Bar No. 128144
ROMERO LAW FIRM
BMR Professional Building
6516 Bright Avenue
Whittier, California 90601
(562) 907-6800
(562)907-6820 Facsimile
Email: Romero@mromerolawfirm.com

Attorneys for SECURED CREDITOR
COUNTY OF RIVERSIDE, CALIFORNIA
A CALIFORNIA TAXING AUTHORITY

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | Case No. 10-14456 MJ |
| KEVIN MATTHEW McDANIEL & AMY LYNN McDANIEL, | Chapter 13 |
| Debtor(s). | **OBJECTION TO CONFIRMATION BY COUNTY OF RIVERSIDE, CALIFORNIA** |
| | Confirmation Hearing Date: March 29, 2010 Time: 1:30 Ctrm: 301 |

TO THE HONORABLE PETER CARROLL AND TO ALL PARTIES OF INTEREST:

The County of Riverside, California, a California Taxing Authority, hereby submits its Objection to Confirmation of the chapter 13 plan. The County of Riverside is not listed in the plan, but should be. Furthermore, under 11 U.S.C. Section 511 the interest rate should be stated at the state statutory rate of interest which is 18% per annum.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

The subject property is comprised of real property in Riverside County located at 39122 Loren Way, Temecula, CA 92592. The real property is subject to the assessment of local property taxes by Riverside under California State Law.

The amount of the real property taxes which are currently delinquent is $27,238.76  This amount will continue to accrue interest until paid in full.

**II.   REAL PROPERTY TAX ASSESSMENTS ARE MANDATED UNDER CALIFORNIA LAW.**

Under California State Law, every piece of real property is subject to taxation.[1]  California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value."

Under California State Law, real property is to be assessed at the same percentage of fair market value.[2]

California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

Real property taxes are assessed as of January 1 ("lien date")

---

[1] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."

[2] In California, property tax assessments consist of two components.  The first component is the assessed value.  The second is the tax rate. The latter is applied against the former to calculate the amount of taxes due. This equation is sometimes known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. California Constitution Article XIII section 1.

2

of the year in which taxes become due.[3]

In California, property taxes are <u>in rem</u> and are payable only through sale proceeds. California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against the property assessed." See <u>Long Beach v. Aistrap,</u> 164 Cal. App. 2d 41 (1958).

Additionally, the real property taxes are a first lien on the property. California Revenue and Taxation Code Section 2192.1 states:

> Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation. Any tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

### III. THE INTEREST RATE FOR RIVERSIDE COUNTY SHOULD BE STATED AT 18% UNDER 11 U.S.C. SECTION 511.

Under the new Bankruptcy Reform Act and effective for all cases filed after October 17, 2005, the interest rate on tax claims is now determined by the applicable rate under non-bankruptcy law.

11 U.S.C. Section 511 states as follows:

---

[3] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

3

    (a) If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax . . . . the rate of interest shall be the rate ***determined under applicable nonbankruptcy law.***

    (b) In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

    Emphasis added.

This new section requires the rate of interest to be paid under non-bankruptcy law or California State Law. In California, the interest rate on tax claims is 18% per annum under California Revenue and Taxation Code Section 4103.[4] Specifically California Revenue and Taxation Code Section 4103(b) provides for the assessment of interest.

**IV. CASE LAW HAS INTERPRETED SECTION 511 TO REQUIRE THE APPLICATION OF THE STATE'S INTEREST RATE.**

11 U.S.C. Section 511 is an entirely new section added to the Reform Act. As such only two cases have addressed this issue. Both cases have held, however, that the state's statutory interest rate must be applied to tax claims.

---

[4] 4103. (a) Redemption penalties are the sum of the following:
  (1) Beginning July 1st of the year of the declaration of tax default, on the declared amount of defaulted taxes at the rate of 1 1/2 percent a month to the time of redemption. . .
  (2) Beginning July 1st of each subsequent year, on the unpaid taxes for which the property would have been declared in default if there had not been a previous declaration, 1 1/2 percent a month to the time of redemption. . .
  (b) For purposes of an administrative hearing or any claim in a bankruptcy proceeding pertaining to the property being redeemed, the assessment of penalties determined pursuant to subdivision (a) with respect to the redemption of that property **constitutes the assessment of interest.** Emphasis added.

4

In <u>In re Davis</u>, 352 B.R. 651 (Bkrptcy. N.D. Tex 2006), the main issue was whether the creditor was allowed to be paid its interest rate under 11 U.S.C. Section 511. The court opined:

> Whether Genesis is entitled to receive interest on its claim at its contract rate hinges on whether its claim falls within the scope of section 511 of the Code. Section 511, which was added to the Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), 3 reads in relevant part . . .
>
> Thus, if section 511 applies, Genesis must receive interest at "the rate determined under applicable nonbankruptcy law," i.e., the contract rate. If section 511 does not apply, then the Debtors may modify the interest rate pursuant to section 1322(b)(2). Id. 653-654.

The <u>Davis</u> court held that the rate of interest under the Texas Code was specifically provided for to Genesis the creditor in this case at 18%. The court further admonished the debtors and stated:

> According to Debtors, the interest rate should be at most 12 percent, the highest rate that taxing authorities are allowed to charge on a claim for delinquent taxes under Texas law. See TEX. TAX CODE § 33.01(a) (Vernon 2005). Debtors' position is simply incorrect. The statutory provision upon which Debtors rely is inapposite. Private entities that, like Genesis, hold transferred tax liens are treated differently than taxing authorities under Texas law. There is a separate statutory provision regulating the amount of interest that such third party tax lien holders may charge. See TEX. TAX CODE § 32.06 (Vernon 2005). Under this statute, third party tax lien holders are allowed to charge up to 18 percent annual interest on the amount paid to acquire the lien. See TEX. TAX CODE § 32.06(e) (Vernon 2005). Id. at 654.

The Davis court concluded that:

> For the foregoing reasons, the court holds that section 511 of the Code applies and, thus, Genesis is entitled to receive interest on its claim at the contract rate of 18 percent. Accordingly, the Objection is SUSTAINED. Id. at 656.

5

1  In the case at bar, Riverside County is the taxing authority
2 and is specifically authorized to assess interest at 18% per annum.
3 California Revenue and Taxation Code Section 4103(b) supra.
4  This interest rate is only charged on the principal tax claim.
5  The second case to address this issue is <u>In re Jones</u>, 2007
6 Bankr. Lexis 1436 2007. Although <u>Jones</u> dealt with another type of
7 interest issue, the court upheld the ruling in <u>Davis</u> as follows:

> The Debtor argues that 11 U.S.C. § 511, recently enacted as
> part of the Bankruptcy Abuse Prevention and Consumer
> Protection Act of 2005 (BAPCPA), serves to limit the interest
> on tax claims to the amounts allowed under applicable
> nonbankruptcy law, and that the applicable Texas statute in
> this case permits interest only on principal and not on
> penalties, interest or legal fees. **The Court finds that the
> Debtor's argument is correct and that after the passage of 11
> U.S.C. § 511, the Court is without discretion to set an
> equitable rate of interest on tax claims  Emphasis added.**

18  Riverside County respectfully requests that this court find
19 and apply the interest rate at 18% from the calendar month in which
20 the plan is confirmed.

**V.    CONCLUSION.**

22  Riverside County respectfully requests that this court sustain

its objection and order the statutory rate of 18% or 1 1/2 per cent per month to be paid on tax claims.

Dated: March 19, 2010                    ROMERO LAW FIRM


By /S/MARTHA E. ROMERO
MARTHA E. ROMERO
Attorney for Secured Creditor
County of Riverside, CA
A California Taxing Authority